NEWPORT ICE & COLD STORAGE COMPANY *v.* LUNYON.

Opinion delivered May 4, 1901.

1. EVIDENCE—RECEIPT IN FULL by an employee for a certain month's wages will not be evidence that he was paid for certain previous months where the employer's answer denied that it was ever liable for the wages of such months. (Page 288.)

2. MASTER AND SERVANT—COMPENSATION.—An employee who has rendered services to a company under the direction of its general manager, though the latter took no active part in its business, may recover therefor, where the company has accepted such services without paying for them. (Page 289.)

Appeal from Jackson Circuit Court.

FREDERICK D. FULKERSON, Judge.

*Gustave Jones,* for appellant.

*M. M. Sluckey,* for appellee. ,

Appellee was entitled to the verdict, either upon express contract or *quantum incruit.* 15 Am. & Eng. Enc. Law (2d Ed.), 1081, 1082; 58 Ark. 348; 2 Ark. 370; 19 Ark. 671; 26 Ark. 360. The receipt was not conclusive evidence of full payment. 21 Ark. 361.

BUNN, C. J. The appellee sued the appellant company for services rendered in hauling ice and collecting ice-bills for the months of May, June, July and August of 1898, at the rate of $15 per month, aggregating the sum of $60, and obtained judgment for that amount, and the defendant appealed.

The defendant denied that it owed plaintiff anything, and that it had ever contracted with him or agreed to pay him anything for said services; and plaintiff's receipt for $15, dated October 31, 1898, which purports on its face to be a receipt in full to that date, was offered in evidence. Also it was shown that a similar receipt had been given by plaintiff for the sum of $5 for services for ten days of September, 1898.

The secretary and treasurer of the defendant company, who had authority to employ and pay off hands, testified that he never employed the plaintiff to do the work charged for. On the contrary, the plaintiff testified that he was employed by the secretary to do the work, but from his own testimony the employment was more a matter of inference or implication than of express language, so far as anything which occurred between him and the secretary is concerned. The evidence shows that the plaintiff was in the employ of one Dougherty, and was the driver of his beer wagon; that, with the consent of Dougherty, he was permitted to haul ice and collect ice-bills at the trains for the defendant company, after his work for the day for Dougherty was performed. The evidence also showed that Dougherty was the general manager of the defendant company, although in fact he appears to have taken no active part in its business. The only statement as to the pay for this service was made by Dougherty, as testified to by plaintiff, and that to the effect that he (Dougherty) told plaintiff he would see it paid, if he had to pay it out of his own pocket, or words to that effect.

It is evident that the receipt was for the services of October and the other receipt was for the latter third of September, 1898, and that the monthly rate was $15 for those months. The cir-

cumstances in evidence plainly show that the expression "in full to date" had no reference to the months of May, June, July and August, even according to the theory of the defendant, for the secretary of defendant, its only witness, testifies that the company never at any time owed plaintiff for those months.   If it never owed him for such services, it follows that his receipt could not be evidence of the satisfaction of such indebtedness, no previous payment for the same having been shown or even claimed to have been made.   The receipt therefor was not even *prima facie* evidence of such satisfaction, or, if it was, the *prima facie* case was overcome by the circumstances of the transaction in evidence.

There is no contention that the services charged for had not been performed, nor that they were not worth the price charged therefor; nor that the same had ever been paid by any one, nor that any one but the plaintiff claimed the same from defendant.

The defendant enjoyed the benefit of plaintiff's labor and services, and it does not appear, nor is it suggested, that it might be liable to another for the same.   Under the circumstances, we cannot see that the verdict is wrong in any sense.   There does not appear to be any reversible error in the instructions, in this view of the evidence, and we think the judgment should be affirmed.

Affirmed.